IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Ivy Flinders,<br><br>               Plaintiff,<br>v.<br><br>DCFS, et al.,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-00174-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Ivy Flinders who is proceeding pro se, moves the court to consolidate this case with 2:23-cv-598 ('598 case).[1] The court will deny the motion.[2]

Federal Rule of Civil Procedure 42(a) authorizes the consolidation of cases "involving a common question of law or fact."[3] In such cases, the court may "(1) join for ... trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."[4] "[T]he party seeking consolidation, has the burden of establishing consolidation is proper under Rule 42(a)."[5] In deciding whether to consolidate, the court considers the following factors, among others, "(1) whether the cases involve substantially the same parties or property; (2) whether the cases call for a determination of the same or substantially related questions of law and fact; and (3) whether the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges."[6]

---

[1] ECF No. 10.

[2] This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).

[3] Fed.R.Civ.P. 42(a).

[4] *Id.*

[5] *Phillip M. Adams & Assocs., LLC v. Dell Inc.*, 1:05CV64TS, 2008 WL 203316, at *2 (D.Utah Jan. 23, 2008).

[6] *Rain Int'l, LLC v. Cook*, No. 220CV00537JNPDBP, 2023 WL 1930336, at *1 (D. Utah Feb. 10, 2023).

Here, the court is not persuaded that consolidation is appropriate. The '598 case is filed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. There is some overlap among the parties such as Defendant DCFS, which is also a party in the instant suit. Yet, there is differences among the claims. In the '598 case Ms. Flinders brings claims of social security fraud, racketeering, "Hippa" and privacy violation, asset forfeiture, and a violation of "CPA laws just to start with."[7] In contrast here, Ms. Flinders names different defendants and alleges different violations of her Constitutional Rights.[8] Thus, consolidation is not appropriate.

Accordingly, Ms. Flinders' motion to consolidate is DENIED.

DATED this 28 November 2023.

_____
Dustin B. Pead
United States Magistrate Judge

---

[7] Complaint in 2:23-cv-598 HCN-CMR ECF No. 1 p. 3.
[8] ECF No. 8.