THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Ivy Flinders,<br><br>                    Plaintiff,<br><br>v.<br><br>DCFS et al.,<br><br>                    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:23-cv-00174-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* on March 9, 2023, that the court granted on March 10, 2023. In November 2023, the court entered an order directing Plaintiff who is proceeding pro se, to complete and return to the clerk's office a summons and service of process form for each named Defendant.[1] The deadline to do so was December 22, 2023, and if they were not submitted, the court noted that the complaint may be dismissed. Independent of this obligation, because Plaintiff is proceeding under 18 U.S.C. § 1915, the court must dismiss the case if the court determines that the matter is "frivolous or malicious", "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."[2] As set forth herein, the undersigned recommends that this matter be dismissed.

**BACKGROUND**

Plaintiff alleges jurisdiction is proper here based on a federal question arising from the alleged violations of her rights. Plaintiff claims social security fraud and violations of her rights

---

[1] ECF No. 12.

[2] 28 U.S.C. §1915.

arising from the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments. The complaint centers on circumstances surrounding the temporary custody of her daughter, which was needed for admission to a "specific treatment facility". Plaintiff's daughter has not received the required treatment and has instead been in foster care for a prolonged time. The Division of Child and Family Services (DCFS) failed to report her "running away from her foster placement" and the named Defendant Judge failed to hear evidence regarding the situation. Plaintiff has repeatedly asked for her daughter back and the upholding of her parental rights to no avail. In addition, Plaintiff has been subject to unspecified threats and attempts at brainwashing from those involved. To that end, Plaintiff requests punitive damages of one million for each month of endured torture and thirty million for anything her daughter needs for the rest of her life.

## SCREENING

Because Plaintiff is granted leave to proceed *in forma pauperis*, the court is to screen the complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2 (b). In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers."[3]

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level."[4] The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff.[5] Yet, "when the allegations in a complaint, however, true, could not raise a [plausible]

---

[3] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

[5] *Id.*

claim of entitlement to relief," the matter should be dismissed.[6] The court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."[7] "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated."[8]

The Tenth Circuit has noted that the court is to use "the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that [is] employ[ed] for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."[9] The court is to "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."[10]

## DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[11] Generally, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[12]

---

[6] *Id.* at 558.

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[9] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[10] *Id.* at 1218 (quotation marks and internal citations omitted).

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[12] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff's Amended Complaint brings claims against a number of individuals alleging jurisdiction is proper due to a federal question. Specifically, Plaintiff notes social security fraud, and violations of her rights arising from the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments. The Amended Complaint centers on alleged "falsifying court documents" that prevented Plaintiff and her daughter from being together. Plaintiff "agreed for temporary custody" of her daughter under false pretenses. Plaintiff's daughter was not sent to treatment and instead ended up in an alleged abusive foster home. The Division of Child and Family Services (DCFS) failed to fulfill their promises or report that Plaintiff's daughter ran away.

Based on the severe trauma Plaintiff has experienced, she requests punitive damages of one million for each month of endured torture and thirty million for anything her daughter needs for the rest of her life. The amount sought is "going up everyday."

## I.      Plaintiff's Complaint fails for multiple reasons.

First, as part of her Amended Complaint, Plaintiff alleges she has "faced malicious prosecution, baseless accusations, and months of unwarranted litigation.[13] Plaintiff also argues her rights were violated as part of a "sham proceeding" and she requests the "immediate return of my daughter." Based on Plaintiff's allegations it appears she is contesting certain matters that arose from a state-court judgment and proceedings in state court. These claims are barred by the *Rooker-Feldman* doctrine.

"The Rooker-Feldman doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of

---

[13] Amended Complaint exhibit p. 1, ECF No. 8-1.

that judgment in federal court."[14] "[T]he type of judicial action barred by Rooker-Feldman [] consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law."[15] Plaintiff's claims that allege injuries during the state court proceedings or connected to those proceedings, cannot be brought in this court and are subject to dismissal. This includes claims against Defendants such as Assistant Attorney General David Geary, case manager Hannah Withers, and Guardian Ad Litem Alisha Giles.

Second, Plaintiff's claim against Judge Steven Beck are subject to dismissal. To the extent Plaintiff sues Defendant Beck in his official capacity, her claim for monetary damages is barred by sovereign immunity. A suit against a government actor in their official capacity is in essence, another way of brining suit against the governmental entity itself.[16] "When a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment."[17] Sovereign immunity generally bars actions in federal court for damages against state officials acting in their official capacities.

In similar manner, to the extent Plaintiff seeks damages from Defendant Beck in his individual capacity, the claim is barred by judicial immunity. A state judicial officer is immune from liability in an action under § 1983 except where the judge acts "in the clear absence of all jurisdiction."[18] Plaintiff's allegation are insufficient to defeat Defendant's immunity.

---

[14] *In re Miller*, 666 F.3d 1255, 1261 (10th Cir. 2012).

[15] *Bolden v. City of Topeka, Kansas*, 441 F.3d 1129, 1143 (10th Cir. 2006).

[16] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

[17] *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (quotation omitted).

[18] *Stump v. Sparkman*, 435 U.S. 349, 357 (1978).

Third, DCFS is an arm of the state. A state and its arms are entitled to Eleventh
Amendment Immunity unless such immunity has been waived.[19] Immunity has not been waived,
and even if it has been, a state and its arms are not "persons" within the meaning of § 1983.
Therefore, to the extent that Plaintiff seeks to bring § 1983 claims against DCFS they are
dismissed.[20]

Finally, even under the liberal standard granted Plaintiff, the undersigned struggles to
find a cognizable claim that complies with Rule 8. The Supreme Court has held the pleading
standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than
an unadorned, the-defendant-unlawfully-harmed-me accusation."[21] Here, Plaintiff's Amended
Complaint is basically a defendant-unlawfully-harmed-me-accusation without much more. To
the extent there are remining claims are not subject to dismissal as set forth above, they fail to
meet Rule 8 and fail to pass the required screening under § 1915.

---

[19] McLaughlin v. Trustees of State Colleges of Colo., 215 F.3d 1168, 1170 (10th Cir.2000) (citing Edelman v. Jordan, 415 U .S. 651, 663 (1974)).

[20] *Ellis v. Lemons*, 2015 WL 1924940, at *2 (D. Utah Apr. 28, 2015).

[21] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 555).

## REPORT AND RECOMMENDATION

Based upon the foregoing, the undersigned recommends this case be dismissed.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 21 August 2024.

_____
Dustin B. Pead
United States Magistrate Judge